UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORLANDO PENSIERO,
    Plaintiff,

v.

KINGSLAND FUNDING CORP., THE
KINGSLAND GROUP, INC., MICHAEL
HERSHKOWITZ and IVY WOOLF-TURK,
    Defendants.

CIVIL ACTION NO.
3:05cv176 (SRU)

## RULING ON MOTION FOR RELIEF FROM PREJUDGMENT REMEDY

On August 17, 2007, I entered an order granting Orlando Pensiero's motion for prejudgment remedy ("PJR order"). In the PJR order, I required, among other things, that: (1) the defendants, in a detailed and organized fashion, disclose their assets to Pensiero; (2) the defendants deliver $100,000.00 to the clerk of this court pending the outcome of this case; and (3) the defendants not hide or remove any assets from the State of Connecticut.

On September 7, 2007, defendants filed the instant motion seeking relief from the PJR order in two different respects. First, defendant Kingsland Group, Inc. ("Kingsland Group") seeks relief from the PJR order because it is currently involved in Chapter 11 bankruptcy proceedings in United States Bankruptcy Court for the Southern District of New York, and thus, the proceedings in this Court, including the PJR order, are automatically stayed pursuant to 11 U.S.C. § 362(a).[1] Because bankruptcy proceedings are currently pending against Kingsland

---

[1] 11 U.S.C. § 362(a) provides:
"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of--
  (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have

Group, 11 U.S.C. § 362(a) automatically stays the PJR order with respect to Kingsland Group and relief from that order is therefore unnecessary.[2]

Second, defendants Michael Hershkowitz and Ivy Woolf-Turk ("individual defendants") seek relief from the PJR order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure,[3] because they previously entered into a stipulated order in the Supreme Court of New York ("stipulated order") that prohibits them from transferring any of their assets. The stipulated order provides that "[p]ending further order of the Court, the Kingsland Defendants agree not to transfer, pledge or otherwise encumber any assets, including without limitation, personal residences, other real property, bank accounts and brokerage accounts, without either approval of plaintiff's counsel or further order of this Court." Stipulated order, Def. Mot., Ex. B at ¶ 3b.

The stipulated order is plainly intended to prevent the individual defendants from

---

been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
  (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
  (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
  (4) any act to create, perfect, or enforce any lien against property of the estate;
  (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
  (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
  (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . . ."

[2] The defendants' moving papers indicate that Kingsland Group, Inc. is involved in bankruptcy proceedings, but it does indicate whether Kingsland Funding Corp. is also involved in bankruptcy proceedings. Accordingly, the stay appears to apply only to Kingsland Group.

[3] Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." *Id*.

*voluntarily* transferring, pledging, or otherwise encumbering assets to avoid payment to their debtors in New York state court; that order cannot shield the defendants from legitimate attachment or collection efforts by the defendants' creditors. The language of the stipulated order says nothing either about this Court's ability to make orders pertaining to the attachment of assets or about a private party's ability to attach such assets; it only states that "the Kingsland Defendants agree not to . . . otherwise encumber any assets . . . ." Other potential claims against the individual defendants' assets do not render Pensiero's potential claims against the individual defendants' assets any less legitimate. Moreover, neither this order nor the order granting prejudgment remedy says anything about the priority of competing claims to the defendants' assets.[4] The mere existence of another encumbrance against the individual defendants' assets does not constitute grounds to grant discretionary relief under Rule 60(b) in this case.

Accordingly, I DENY defendants, motion for relief from the PJR order **(doc. # 81)**. The PJR order is stayed with respect to Kingsland Group, Inc. Kingsland Funding Corp. and the individual defendants are hereby ordered to comply with the terms of the PJR order forthwith.

It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of October 2007.

                                                          /s/
                                         Stefan R. Underhill
                                         United States District Judge

---

[4] It is not clear whether the stipulated order in New York even reaches the $100,000.00 the defendants have been ordered to deliver to this Court, which represents funds of Pensiero in the possession of the defendants, rather than the assets of the defendants.